[740 NYS2d 220]

In the Matter of Eric G. Oster, an Attorney, Respondent. Grievance Committee for the Tenth Judicial District, Petitioner.

Second Department, April 15, 2002

## APPEARANCES OF COUNSEL

*Robert P. Guido*, Syosset (*Elizabeth A. Grabowski* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

The petitioner served the respondent with a petition containing one charge of professional misconduct. After a hearing on September 14 and October 17, 2000, the Special Referee sustained the charge. The petitioner now moves to sustain the Special Referee's report and to impose such discipline as the Court deems just and proper. The respondent has neither cross-moved nor submitted any papers in reply to the motion.

Charge One alleges that the respondent failed to properly register as an attorney with the Office of Court Administration (hereinafter OCA), in violation of Judiciary Law § 468-a.

On January 21, 1999, the petitioner sent the respondent a letter informing him that a sua sponte investigation had been commenced against him based upon his failure to reregister as an attorney and advising him to immediately comply with Judiciary Law § 468-a by either reregistering, retiring, or resigning. By letter dated January 26, 1999, the respondent advised the petitioner that he had requested the registration forms from the Office of Court Administration and that he would promptly reregister upon receipt.

By letter dated April 27, 1999, the petitioner cited the respondent's continued failure to reregister and requested that he immediately reregister, retire, or resign by May 7, 1999. The petitioner warned the respondent that his failure to respond within 10 days could subject him to possible disciplinary sanctions.

The petitioner issued the respondent a Letter of Admonition dated September 24, 1999, based upon his failure to reregister, and afforded him 30 days to reregister, retire, or resign. By letter dated November 18, 1999, the petitioner apprised the respondent that he had failed to comply and afforded him a final opportunity to comply within 20 days or face a formal disciplinary proceeding.

In an undated letter, the respondent advised the petitioner that he had lost the application to reregister, requested another, and stated that he would reregister by late December 1999.

As of the date of the petition, the respondent had failed to reregister.

Based on the evidence adduced, the Special Referee properly sustained the charge of professional misconduct against the respondent. The petitioner's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the Special Referee noted that respondent has now paid in full all outstanding registration fees. The petitioner notes that respondent has no prior disciplinary history. Notwithstanding the respondent's lack of willfulness, his repeated failures to reregister and to comply with the petitioner's requests necessitated a great deal of attention by the petitioner, including the issuance of a Letter of Admonition in 1999. Under the totality of circumstances, the respondent is censured for his professional misconduct.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and O'BRIEN, JJ.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent, Eric G. Oster, is censured for his professional misconduct.